UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRAND LODGE OF PENNSYLVANIA, and
all others similarly situated,

    Plaintiff,
v.                                          CASE NO: 8:07-cv-479-T26-EAJ
BRIAN P. PETERS, BRIAN F. GRIMES,
JUSTIN D. LOCKE, ANNE V. LEE, and
COAST FINANCIAL HOLDINGS, INC.,

    Defendants.
_____/
TROY RATCLIFF, individually and on behalf
of all others similarly situated,

    Plaintiff,                           CASE NO: 8:07-cv-504-T-26MAP
v.
COAST FINANCIAL HOLDINGS INC.,
BRIAN P. PETERS, BRIAN F. GRIMES and
JUSTIN D. LOCKE,

    Defendants.
_____/
DANIEL ALTENBURG, individually and on
behalf of all others similarly situated,

    Plaintiff,                           CASE NO. 8:07-cv-642-T-26TGW
v.
COAST FINANCIAL HOLDINGS INC.,
BRIAN P. PETERS, BRIAN F. GRIMES, and
JUSTIN D. LOCKE,

    Defendants.
_____/

**O R D E R**

    Before the Court is the Amended Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel filed by Grand Lodge of Pennsylvania,[1] the

---

[1] See docket 18 in 8:07-cv-479-T-26EAJ.

Memorandum in Opposition of R. Daniel Altenburg and Troy Ratcliff,[2] and the Motion to Appoint Lead Plaintiff and Approve Selection of Counsel filed by R. Daniel Altenburg and Troy Ratcliff,[3] and the Response.[4]  After careful consideration of the submissions of the various Plaintiffs and the applicable law, the Court concludes that R. Daniel Altenburg and Troy Ratcliff and their attorneys shall be appointed as lead Plaintiffs and co-lead attorneys, respectively.

## Pertinent Facts

These three cases brought by investors for securities fraud involve the failure of Defendant Coast Financial Holdings, Inc. (CFHI) to disclose its high risk loans extended to Construction Compliance Incorporated (CCI) for the construction of homes with minimal or no money down by the borrowers.  CFHI did not increase its loan reserves, and CCI allegedly withdrew tens of millions of dollars to construct homes which were never completed.  When this information was publicized, CFHI's stock plummeted. Plaintiff The Grand Lodge of Pennsylvania (Grand Lodge) lost $9,735.02 as a result of its purchases of common stock; Plaintiff Daniel Altenburg lost $48,030.00; and Plaintiff Troy Ratcliff lost $18,334.00.

Two factions of Plaintiffs seek the appointment of lead counsel.[5]  Grand Lodge, as the investor to first file suit on March 20, 2007, contends that it is the most qualified lead

---

[2] See docket 26 in 8:07-cv-479-T-26EAJ.

[3] See docket 20 in 8:07-cv-479-T-26EAJ.

[4] See docket 27 in 8:07-cv-479-T-26EAJ.

[5] Defendants do not oppose the motions.

Plaintiff. Altenburg and Ratcliff rely on the fact that not only are their financial interests the largest as an aggregate amount, but individually, their financial interests are each larger than Grand Lodge's. Grand Lodge attempts to rebut the individuals' position by arguing that Altenburg has no claim at all because the dates on which he probably purchased stock would likely not be covered by the relevant time periods of the fraud. Grand Lodge contends that their definition of the first class period controls with a start date of October 28, 2005, which would necessarily foreclose Alternburg's claim because he purchased his stock before any misrepresentations were made. In any event, Grand Lodge requests that it be permitted to join in with Altenburg and Ratcliff as lead plaintiffs or, in the alternative, be permitted to request to join in as a lead plaintiff should Altenburg's claim later be found to be unsustainable during the applicable class period.

**Analysis**

The Private Securities Litigation Reform Act of 1995 (PSLRA) governs the appointment of lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA requires that the Court consolidate the actions, if warranted, before determining lead plaintiff.[6] Grand Lodge, Altenburg, and Ratcliff have all three requested consolidation. After a review of the three complaints, the Court finds that consolidation is warranted.

Having consolidated the cases, the Court further finds that Altenburg and Ratcliff should be appointed lead Plaintiffs. The PSLRA, and the case law interpreting it, provide

---

[6] "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

the criteria for determining the "most adequate" lead plaintiff or plaintiffs. 15 U.S.C. §78u-4(a)(3)(B)(iii). The Court must adopt the following three presumptions: (1) the proposed lead plaintiff has either filed the complaint or made a timely motion in response to properly published notice of the pendency of the action; (2) the proposed lead plaintiff "has the largest financial interest in the relief sought by the class;" and (3) the proposed lead plaintiff satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, which includes typicality and adequacy.[7] 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa), (bb), and (cc). These three presumptions, however, may be rebutted by proof that the proposed lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) and (bb).[8]

It is overwhelmingly evident from the submissions that, all other factors equal, the lead plaintiff with the largest financial interest is Altenburg with $48,030.00, and the lead plaintiff with the second largest financial interest is Ratcliff with $18,334.00. Grand Lodge falls in third place with $9,735.00. Grand Lodge asks this Court to delve into the

---

[7] Although there are four requirements under Rule 23, some courts have generally held that at this stage of the proceedings when a lead plaintiff needs to be appointed, only the typicality and adequacy prongs need to be analyzed. See In re Cendant Corp. Litig., 264 F.3d 201, 264 (3rd Cir. 2001); Gluck v. CellStar Corp., 976 F.Supp. 542, 546 (N.D. Tex. 1997).

[8] For cases in this District analyzing the appointment of lead plaintiff, see Piven v. Sykes Enterprises, Inc., 137 F.Supp.2d 1295 (M.D. Fla. 2000); In re Catalina Mktg. Corp. Sec. Litig., 225 F.R.D. 684 (M.D. Fla. 2003); In re Faro Techs. Sec. Litig., Nos. 6:05-cv-1810-Orl-22DAB, et al., 2006 WL 1119201 (M.D. Fla. Apr. 26, 2006); and Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc., No. 8:06-cv-1716-T-23EAJ, 2007 WL 170556 (M.D. Fla. Jan. 18, 2007).

merits of the claims and to define the class period at this early stage of the proceedings before a class has been certified or those issues have been fully briefed.  This it cannot do. Moreover, the factors, other than financial interest, under §78u-4 appear to be largely incapable of differentiation among the moving lead plaintiffs.

Having thus determined that Altenburg and Ratcliff may serve as lead plaintiffs and their counsel as lead counsel, the Court notes that such an appointment is "without prejudice to the possibility of revisiting that issue in considering a motion for class certification."  Greebel v. FTP Software, Inc., 939 F.Supp. 57, 60 (D.Mass. 1996).

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) The Amended Motion for Consolidation filed by the Grand Lodge of Pennsylvania (Dkt. 18) is **GRANTED**.

(2) The Motion to Consolidate filed by R. Daniel Altenburg and Troy Ratcliff (Dkt. 20) is **GRANTED.**

(3) The Amended Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel filed by Grand Lodge (Dkt. 18) is **DENIED**.

(4) The Motion to Appoint Lead Plaintiff and Approve Selection of Counsel filed by R. Daniel Altenburg and Troy Ratcliff (Dkt. 20) is **GRANTED**.

(5) R. Daniel Altenburg and Troy Ratcliff are appointed lead Plaintiffs.

(6) Their selection of Saxena White P.A. and Lerach Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel is approved.

(7) Lead Plaintiffs shall file a consolidated amended complaint no later than forty-five (45) days from the date of this order.  Defendants shall have

        forty-five (45) days from the date of filing to respond to the consolidated amended complaint.

(8) Case numbers 8:07-cv479, 8:07-cv-504, and 8:07-cv-642 are hereby consolidated for all purposes. All future pleadings and orders shall bear the style of this order and shall be filed in the lowest case number, 8:07-cv-479.

(9) The Clerk is directed to administratively close case numbers 8:07-cv-504 and 8:07-cv-642.

**DONE AND ORDERED** at Tampa, Florida, on June 22, 2007.

        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record