# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

GRAND LODGE OF PENNSYLVANIA, and
all others similarly situated,

     Plaintiff,

v.                                            CASE NO: 8:07-cv-479-T-26EAJ
                                                 (Consolidated)

BRIAN P. PETERS, BRIAN F. GRIMES,
JUSTIN D. LOCKE, ANNE V. LEE, and
COAST FINANCIAL HOLDINGS, INC.,

     Defendants.

_____/

TROY RATCLIFF, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

COAST FINANCIAL HOLDINGS, INC.,
BRIAN P. PETERS, BRIAN F. GRIMES,
and JUSTIN D. LOCKE,

     Defendants.

_____/

DANIEL ALTENBURG, individually
and on behalf of all others similarly situated,

     Plaintiff,

v.

COAST FINANCIAL HOLDINGS, INC.,
BRIAN P. PETERS, BRIAN F. GRIMES,
and JUSTIN D. LOCKE,

     Defendants.

_____/

# O R D E R

Before the Court are Defendants Sandler O'Neil & Partners. L.P. and Sterne Agee & Leach, Inc.'s Joint Motion to Dismiss Amended Consolidated Complaint (Dkt. 101), Coast Defendants' Motion to Dismiss Second Amended Complaint (Dkt. 102), Lead Plaintiff's Omnibus Opposition (Dkt. 104), and Defendants' Joint Reply.  (Dkt. 107). After careful consideration of the allegations of the Amended Consolidated Complaint (Dkt. 93), and the applicable law, the Court concludes the motion should be denied.

## Procedural Issues

When this Court granted the Underwriter Defendants'[1] motion to dismiss based on Mr. Ratcliff's lack of standing, it did so without prejudice.  See Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (relying on prior authority for premise that dismissal for lack of standing is tantamount to dismissal for lack of subject matter jurisdiction and deemed entered without prejudice).  The order simply grants the motion to dismiss and permits Lead Plaintiffs twenty days within which to file an amended complaint "in accordance with this order."[2]  Although the body of the order specifically mentions that an opportunity to amend would be given as to the auditors, the order is silent as to the Underwriter and Coast Defendants with respect to the Section 11 claims.  Having given leave to amend without any limiting language with respect to the Section 11 claims, the Court through its order did not prohibit the addition of a new

---

[1]   The Underwriter Defendants are Sandler O'Neill & Partners, L.P. and Sterne, Agee & Leach, Inc.

[2]   See docket 92 at pp. 25-26.

plaintiff, nor did it require that Mr. Ratcliff seek leave of court to amend.[3]  At the time of

the last motion to dismiss, the Court determined that Mr. Ratcliff had no standing to bring

the Section 11 claim on behalf of the putative class.  The particular situation today in

which the Defendants contest the addition of a new plaintiff by timely amendment to

represent the putative class, however, was not before the Court.

### Plaintiff Villere's Standing

In the Amended Complaint,[4] Lead Plaintiffs add a new plaintiff, St. Denis J.

Villere & Company, LLC (Villere), which is an investment advisor.  Villere purchased

stock in the secondary public offering (SPO) of October 2005 predominantly for the

benefit of its customers.  Defendants contend that Villere lacks standing because, as an

investment advisor, it has not shown that it suffered an "injury in fact."  See E.F. Hutton

& Co. v. Hadley, 901 F.2d 979, 985-86 (11th Cir. 1990) (dismissing suit and holding that

---

[3] Another district court in the Middle District of Florida, after dismissing a Section 11 claim without prejudice, allowed the plaintiff to amend to refile the Section 11 claim by adding a new plaintiff.  See Davidco Investors, LLC v. Anchor Glass Container Corp., No. 8:04-cv-2561-T-24EAJ at docket 127 at pp. 3-5 (M.D. Fla. May 15, 2006).  Under circumstances in which the lead plaintiffs do not possess standing to sue on all of the claims, the addition of named plaintiffs to assist the lead plaintiffs permits proper representation of the class.

[4] See docket 93.

bankruptcy trustee did not have standing to assert claims of non-party creditors).[5]  The

Section 11 claim remains the same as that brought in the prior complaint.

Defendants rely on Indemnified Cap. Invs., S.A. v. R.J. O'Brien & Assoc., Inc., 12

F.3d 1406 (7th Cir. 1993), and In re Tyco Int'l, Ltd., 236 F.R.D. 62 (D.N.H. 2006), for the

proposition that Villere did not allege direct injury, if any, it suffered from its purchase of

stock for its customers.  Defendants also contend that courts do not permit investment

advisors to bring suit on behalf of their customers absent proof of the authority to bring

suit on their behalf, see, e.g., Weinberg v. Atlas Air Worldwide Holdings, Inc., 216

F.R.D. 248, 255 (S.D. N.Y. 2003), or absent proof of full authority to purchase and sell its

customers' securities and manage their accounts.  See, e.g., EZRA Charitable Trust v.

Rent-Way, Inc., 218 F.R.D. 101, 107-09 (W.D. Pa. 2003).  Plaintiffs counter with

Newman v. Eagle Bldg. Techs., 209 F.R.D. 499, 506 (S.D. Fla. 2002), as precedent for an

investment advisor bringing suit on behalf of its customers.[6]  In Newman, the court found

that the banks, which were proposed lead plaintiffs, had a sufficient interest in the

litigation because they had purchased the securities on behalf of their customers.

---

[5]  In Hadley, the specific issue was whether the bankruptcy trustee, who
represented the entity that sold securities to customers, had standing to assert claims on
behalf of the entity's customers under bankruptcy law.  Because the injury caused to the
customers was not the sole fault of Hutton, but also the debtor entity, the bankruptcy
trustee was deemed not to have standing.

[6]  See also Sofran v. Labranche & Co., 220 F.R.D. 398, 403 (S.D. N.Y. 2004)
(reasoning that city's retirement system had standing to pursue action on behalf of its
clients even though shares reported on certification did not reflect its beneficial ownership
when shares were essentially held beneficially for clients).

In this case, Villere filed a sworn affidavit attesting that it has full and complete discretion and authority to manage its customers' accounts and to purchase securities on their behalf.[7]  Based on the authority following the reasoning in <u>Rent-Way</u>, the Court finds that Villere has standing to bring this suit on behalf of its customers as a purchaser of the stock in the SPO.

Defendants further argue that this Court has not authorized Villere to prosecute a class action claim in view of the absence of lead plaintiff scrutiny as required by the Private Securities Litigation Reform Act ( PSLRA).  The <u>Davidco</u> court cited <u>Hevisi v. Citigroup, Inc.</u>, 366 F.3d 70, 81-83 (2d Cir. 2003), <u>In re Global Crossing, Ltd. Sec. Litig.</u>, 313 F.Supp.2d 189, 204-205 (S.D. N.Y. 2003), and <u>Gariety v. Grant Thornton, LLP</u>, 368 F.3d 356, 370-71 (4th Cir. 2004), to support the granting of leave to add a named plaintiff with standing to bring a Section 11 claim.  These cases discuss situations in which the lead plaintiff may not possess standing to sue on all of the claims and, thus, other named plaintiffs may assist the lead plaintiffs even though their qualifications may not rise to the level of lead plaintiff.  Generally, the PSLRA does not prohibit the addition of named plaintiffs to aid the lead plaintiffs.  <u>See</u> <u>Hevisi</u>, 366 F.3d at 82-83; <u>In re Initial Public Offering Sec. Litig.</u>, 214 F.R.D. 117, 122-23 (S.D. N.Y. 2002) (granting motion to amend to permit named, as opposed to lead, plaintiff to bring certain claims where lead plaintiff did not have standing on all claims); <u>In re Global Crossing</u>, 313 F.Supp. 2d at 204-205.  Consequently, the addition of Villere as a named plaintiff is permissible.

_____

[7]  <u>See</u> docket 104 at Exh. A.

Defendants also assert that Villere lacks standing based on the binding authority of Summit Office Park, Inc. v. U.S. Steel Corp., 639 F.2d 1278 (5th Cir. 1981).[8]  In Summit, which was not a securities case, a class of plaintiffs, as "indirect purchasers" of rebar materials, brought an antitrust action but lost their claim for relief when the Supreme Court issued a decision during the pendency of the class action lawsuit.  One day before the announced ruling on summary judgment in the class action, Summit filed an amended complaint adding two new plaintiffs, as "direct purchasers" of rebar materials, who would ostensibly be able to proceed with the claim based on the Supreme Court's intervening decision.  The Summit court notes, however, that the new amended complaint "also changed the cause of action in an apparent attempt to conform to the principles" of the intervening opinion.  More importantly, Summit, as sole class representative, admitted that it had no standing to bring any claim.  The two new plaintiffs, however, could not represent the class as defined because they were "direct" purchasers and the class as defined consisted of "indirect" purchasers.

In ruling, the court noted the uniqueness of the particular facts of the case. Summit, 639 F.2d at 1282.  The Summit court required that a new case be filed because the class needed to be redefined to meet the strictures of the intervening opinion, the new plaintiffs would necessarily have to represent that class based on the intervening opinion, and a new cause of action was being asserted to comply with the intervening opinion.

---

[8]   Defendants also cite Turner v. First Wisconsin Mortgage Trust, 454 F.Supp. 899, 913 (D. Wis. 1978), in support of their contention, which is cited in Summit.  Turner does not reveal sufficient facts to adequately compare them to those of the instant case.

Unlike the instant case, <u>Summit</u> involved an amendment not only to substitute the original plaintiff, but to create a new class with a new cause of action.  There, at the moment of the intervening decision of the Supreme Court, the sole original plaintiff, Summit, lost its cause of action.  No cause of action existed for any member of the existing putative class, and the cause of action could not be amended to state a cause of action for that putative class in view of the Supreme Court decision.  On the other hand, in this case, the putative class could still obtain relief under the same legal theory asserted by Mr. Ratcliff.  In short, the Court finds that <u>Summit</u> is not completely analogous to this case.

### Relation Back

In the Eleventh Circuit, the standard for determining whether an amendment to add a plaintiff "relates back"[9] to the filing of the original complaint includes consideration of three elements: (1)  whether the amended claim arose out of the same conduct, transaction, or occurrence as in the original pleading; (2) whether the amendment will unduly prejudice the defendant; and (3) whether the original complaint provided adequate notice of the nature of the new proposed class.  <u>See</u> Fed.R.Civ.P. 15(c)(1)(B);[10] <u>Cliff v. Payco Gen. Am. Credits, Inc.</u>, 363 F.3d 1113, 1131-33 (11th Cir. 2004) (declining to specify exactly which test courts should apply, the Eleventh Circuit discussed the test under former Rule 15(c)(3) and the Ninth Circuit's in <u>In re Syntax Corp. Sec. Litig.</u>, 95

---

[9]  When an amended complaint seeks to add a new party, rather than a new claim, "the relation back rule is more stringent."  <u>Cliff v. Payco Gen. Am. Credits, Inc.</u>, 363 F.3d 1113, 1131 (11th Cir. 2004).

[10]  This rule was previously numbered 15(c)(2).

F.3d 922, 935 (9th Cir. 1996)); <u>Reasoner v. All Seasons Pool Serv., Inc.</u>, No. 6:06-cv-1819-Orl-19DAB, 2007 WL 4326808, at *3 n.5 (M.D. Fla. Dec. 7, 2007); <u>Hughes v. American Tripoli, Inc.</u>, No. 2:04-cv-485-FtM-29DNF, 2007 WL 2010786, at *2 (M.D. Fla. Aug. 8, 2007); <u>Senterfitt v. Suntrust Mortgage, Inc.</u>, 385 F.Supp.2d 1377, 1380 (S.D. Ga. 2005).   In <u>Cliff</u>, the plaintiff amended the class action complaint to add consumer debtors nationwide, as opposed to the original class of only Florida consumers.   There, the court held that the defendant did not receive sufficient notice of the significantly larger class.   In so doing, however, the Eleventh Circuit emphasized that enlarging the class size alone does not suffice in every case to defeat relation back.   <u>Cliff</u>, 363 F.3d at 1133 n.16.

There is no question that the new named plaintiff, Villere, asserts the same Section 11 claim as did Mr. Ratcliff.   Thus, the two remaining considerations are notice and prejudice.   Defendants had notice of the Section 11 suit on August 24, 2007, when Mr. Ratcliff alleged the same Section 11 claim on behalf of the putative class of persons who purchased shares pursuant to or traceable to the SPO.[11]   Given the adequate length of time the Defendants have been placed on notice and the absence of any evidence of prejudice, the Court finds that the claim relates back to the original filing of the Section 11 claim.

---

[11]   <u>See</u> docket 35.

**Tolling of Statute of Limitations**

Defendants argue that the one-year statute of limitations on the Section 11 claim was not tolled, citing <u>Griffin v. Singletary</u>, 17 F.3d 356 (11th Cir. 1994).  <u>Griffin</u> is not controlling in this case, however.  <u>Griffin</u> discussed the absence of tolling for successive class actions, "the non-piggyback rule for class actions."  Under the facts of <u>Griffin</u>, the district court denied class certification, and the cases relied on in <u>Griffin</u> support the conclusion that there is no tolling[12] for successive class actions by putative class members once class certification is denied.  See <u>Andrews v. Orr</u>, 851 F.2d 146, 149 (6th Cir. 1988); <u>Korwek v. Hunt</u>, 827 F.2d 874, 879 (2d Cir. 1987).  Class certification has not been denied in this case.  The non-piggyback rule for class actions exists to prevent putative class members from relitigating the denial of class certification.  The Court finds that Villere's addition as a new named plaintiff does not alter the already tolled statute of limitations on either the Section 11 or 15 claim.

In addition to the aforementioned grounds asserted for dismissal, the Court finds that the substantive allegations of the Section 11 and 15 claims are sufficient to withstand dismissal.  It is therefore **ORDERED AND ADJUDGED** as follows:

(1)     Defendants Sandler O'Neil & Partners. L.P. and Sterne Agee & Leach,
        Inc.'s Joint Motion to Dismiss Amended Consolidated Complaint (Dkt.
        101) is **DENIED**.

---

[12]   See <u>American Pipe & Const. Co. v. Utah</u>, 414 U.S. 538 (1974).

(2)     Coast Defendants' Motion to Dismiss Second Amended Complaint (Dkt.

102) is **DENIED.**

(3)     Defendants shall file their answers and defenses within twenty (20) day of

this order.

(4)     The parties shall confer, prepare, and submit to this Court a case

management report within forty-five (45) days of this order, following

which this Court will convene a preliminary pretrial conference.

**DONE AND ORDERED** at Tampa, Florida, on June 6, 2008.


    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


<u>COPIES FURNISHED TO</u>:
Counsel of Record