UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRAND LODGE OF PENNSYLVANIA,
and all others similarly situated,

    Plaintiff,

v.                                        CASE NO: 8:07-cv-479-T-26EAJ
                                            (Consolidated)

BRIAN P. PETERS, BRIAN F. GRIMES,
JUSTIN D. LOCKE, ANNE V. LEE, and
COAST FINANCIAL HOLDINGS, INC.

    Defendants.
_____/
TROY RATCLIFFE, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

COAST FINANCIAL HOLDINGS, INC.,
BRIAN P. PETERS, BRIAN F. GRIMES,
and JUSTIN D. LOCKE,

    Defendants.
_____/
DANIEL ALTENBURG, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

COAST FINANCIAL HOLDINGS, INC.,
BRIAN P. PETERS, BRIAN F. GRIMES,
and JUSTIN D. LOCKE,

    Defendants.

_____/

# O R D E R

    Before the Court is Defendants' Joint Motion to Certify this Court's June 6, 2008

Order for Appeal under 28 U.S.C. § 1292(b) (Dkt. 111), and Plaintiffs' Response in

Opposition. (Dkt. 128). After careful consideration of the request for certification, the Court concludes that exceptional circumstances do not exist to justify an interlocutory appeal of the June 6th order.

## STANDARD FOR CERTIFICATION

Title 28, § 1292(b) directs the district judge to certify in writing that an immediate interlocutory appeal may "materially advance the ultimate termination of the litigation" when there is "a controlling question of law as to which there is substantial ground for difference of opinion." The district court should articulate the controlling question or questions of law. See McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1255 (11th Cir. 2004). Section 1292 was intended to "be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation . . .where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." Id. at 1256 (quoting the report of the Judicial Conference of the United States Courts). This statutory section does not provide a means of merely questioning the correctness of the order. Id.

Apart from the legislative history, the Eleventh Circuit presents a three-question framework within which to analyze whether to certify an interlocutory appeal. McFarlin, 381 F.3d at 1257. First, the court must determine whether the ruling involves a "controlling question of law." Second, with respect to the controlling question of law, it must be ascertained whether there is "substantial ground for difference of opinion." Lastly, an immediate appeal must "materially advance the ultimate termination of the litigation."

A "controlling question of law" requires no "fact-intensive" inquiry, even if, in some instances, the district court's jurisdiction would be determined and the case concluded. McFarlin, 381 F.3d at 1258 (citing Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1254 (11th Cir. 2003)). "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." Mcfarlin, 381 F.3d at 1259. A "substantial ground for difference of opinion" means whether courts espouse different opinions as to the particular question of law, separate and apart from an application of the law to the facts. Materially advancing the termination of the litigation means that a trial would be avoided or significantly shortened. Id. An appeal is inappropriate, however, where the amount of litigation left would not be substantially reduced. Id.

## CONTROLLING QUESTIONS OF LAW

Defendants craft two controlling questions of law: (1) whether Plaintiff Denis J. Villere & Company, LLC (Villere) has constitutional and statutory standing to bring the claims in this action brought pursuant to sections 11 and 15 of the Securities Act of 1933 (the Act); and (2) whether the one-year statute of limitations of the Act bars Villere's claims based on American Pipe and Const. Co. v. Utah, 414 U.S. 538 (1974) and relation back under Federal Rule of Civil Procedure 15(c). Based on the allegations and submissions, the Court found in its June 6th order that Villere had standing to bring particular claims as an investment advisor with authority to sue on behalf of its clients. Because the determination of standing required this Court to consider and apply the

allegations and facts to the law, the issue of standing is not a controlling question of law for purposes of § 1292(b). With respect to the issue relating to the statute of limitations, again, this Court was required to consider and apply the allegations and facts to the law. Hence, to the degree these questions require some delving into the record, they must not be considered controlling questions of law.

## SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

Even assuming the two posed questions were controlling questions of law, neither raises substantial ground for difference of opinion. Based on the case law cited in the June 6th order, as well as the authority cited and distinguished by Plaintiffs in their response, there is no substantial ground for difference of opinion concerning Villere's standing to sue as an investment advisor. Neither is there substantial ground for difference of opinion regarding the reading of Griffin v. Singletary, 17 F.3d 356 (11th Cir. 1994), as not prohibiting the tolling of the statute of limitations under the facts of this case, nor the manner of this Court's application of Federal Rule of Civil Procedure 15(c) to the addition of a plaintiff by way of amendment. Ample cases have upheld permitting an investment advisor to represent its clients and sue on their behalf. Griffin does not prevent the tolling of the statute of limitations under the facts of this case. Application of the "notice and prejudice" test or the Ninth Circuit's test concerning relation back is acceptable under Eleventh Circuit law.[1] No binding authority requires a showing of a mistake on the part of Plaintiffs to permit relation back. Based on the foregoing, the

---

[1] See Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113 (11th Cir. 2004).

Court finds that a substantial ground for difference of opinion does not exist to the extent that an interlocutory appeal is warranted.

## ULTIMATE TERMINATION OF LITIGATION

Assuming each of the first two elements were satisfied, this litigation would not be shortened if certification is granted. Although not the subject of this motion, this action includes claims brought pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the Exchange Act). Those claims have been answered and are proceeding to trial. At most, a few Defendants would be removed from the case if successful on the appeal of these issues. The litigation of this case, however, will not be terminated or shortened by a piecemeal appeal of these issues.

It is therefore **ORDERED AND ADJUDGED** that the Defendants' Joint Motion to Certify this Court's June 6, 2008 Order for Appeal (Dkt. 111) is **DENIED**. Defendants shall file answers and defenses within fifteen (15) days of the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on July 18, 2008.

　　　　　　　　　　　　　　　　s/*Richard A. Lazzara*
　　　　　　　　　　　　　　**RICHARD A. LAZZARA**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record