UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| GRAND LODGE OF PENNSYLVANIA, and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BRIAN P. PETERS, BRIAN F. GRIMES, JUSTIN D. LOCKE, ANNE V. LEE, and COAST FINANCIAL HOLDINGS, INC., <br><br> Defendants. | No. 8:07-cv-479-T-26EAJ <br> (Consolidated) <br><br> <u>CLASS ACTION</u> |

FINAL JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated February 20, 2009 and the Amended Order Preliminarily Approving Settlement and Providing for Notice dated February 26, 2009 (collectively, the "Order"), on the application of Lead Plaintiffs for approval of the settlement set forth in the Stipulation of Settlement dated February 17, 2009 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. The Court hereby certifies the following class for settlement purposes only:

> All Persons who purchased Coast common stock between January 21, 2005 and January 22, 2007, inclusive ("Class Period"). Excluded from the Class are the Settling Defendants, members of the immediate families of the Settling Defendants, the former and current directors, officers, subsidiaries and affiliates of Coast, as well as any person, firm, trust, corporation, officer, director or other individual or entity in which any Settling Defendant has a controlling interest and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties and Class Members, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform their terms.

6. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice and on the merits, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

7. Upon the Effective Date, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

8. Upon the Effective Date, each of the Settling Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged Lead Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or

in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation.

9. Within ten (10) calendar days after the Effective Date, Lead Plaintiffs shall file with the United States Court of Appeals for the Eleventh Circuit a motion to dismiss with prejudice the appeal in <u>Grand Lodge of Pennsylvania v. Brian P. Peters, et al.</u>, Appeal No. 08-16075, in accordance with the terms provided in the Stipulation.

10. Lead Plaintiff, all members of the Class, the successors and assigns of any of them and anyone claiming through or on behalf of any of them, are hereby permanently barred, enjoined and restrained from instituting, commencing, prosecuting, or maintaining, whether directly, derivatively, representatively, or in any other capacity, in the Litigation or any other action or proceeding, any Released Claims against any of the Released Persons. The Released Claims against each and all of the Released Persons shall be released and dismissed with prejudice and on the merits. Nothing in this paragraph shall release the Released Claims against the Released Persons of any Person who submitted a timely, signed request for exclusion from the Class and who did not submit a timely, signed request to revoke the prior request for exclusion ("Opt-Out Plaintiffs").

11. In accordance with the provisions of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, each of the Settling Defendants is by virtue of the Settlement of the Litigation as set forth in the Stipulation, discharged from all claims for contribution by any person and in any forum arising out of or related to any claim that has been or could be raised in the Litigation, or the acts, facts or events alleged in the Litigation.

12. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended, including by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including by the PSLRA, and the requirements of due process.

13. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. The Stipulation, any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, and any negotiations, discussions or proceedings in connection with this Stipulation or the Settlement:

(a) shall not be offered or received against any Settling Defendant or their Related Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Settling Defendant or its Related Persons of the truth of any fact alleged by the Lead Plaintiffs or the validity of any claim that has been or could have been asserted in the Litigation or any other litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation,

or of any liability, negligence, fault, or wrongdoing of the Settling Defendants and their Related Persons;

(b) shall not be offered or received against any Settling Defendant or its Related Persons as evidence of or construed or deemed to be evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant or its Related Persons, or against the Lead Plaintiffs or any Class Member as evidence of any infirmity in the claims of the Lead Plaintiffs and the Class;

(c) shall not be offered or received against any Settling Defendant as evidence or construed or deemed to be evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Settling Defendants and their Related Parties may refer to it to effectuate the dismissals, releases, and liability protections granted them hereunder;

(d) shall not be offered, received, or construed against any Settling Defendant or its Related Persons as evidence or construed or deemed to be evidence against Settling Defendants, Lead Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be offered, construed, or received in evidence as an admission, concession, or presumption against any Settling Defendant or its Related Persons that class certification would be proper for any purpose other than the Settlement.

15. The Settling Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any forum as may be necessary to establish principles of *res judicata*, collateral estoppel, release, accord and satisfaction, good faith settlement, judgment bar or reduction, bar order, or any other theory of preclusion, release, discharge, or claims bar. Settling Defendants and/or their Related Parties may also file the Stipulation and/or the Judgment in any forum as may be necessary to establish that the Stipulation and/or the Settlement do not operate to admit, concede, or establish any allegation made in the Litigation or any liability, wrongdoing, or fault by any Settling Defendant and/or Released Person.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

17. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. There is no reason for delay in the entry of this Final Judgment and Order of Dismissal with Prejudice and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _May 29, 2009_

_____
THE HONORABLE RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE